UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LINDA GOULD

                                **Plaintiff,**             **COMPLAINT**

                                                               **Index No:** 1:19-cv-1454 (MAD/DJS)

    -against-

**MARCONI DEVELOPMENT GROUP, LLC,
YACINE NOURI, and REDA TADJER**
                                **Defendants.**

Plaintiff Linda Gould, by and through her attorneys, Smith Hoke PLLC, as and for her complaint against Marconi Development Group, LLC, Yacine Nouri, and Reda Tadjer alleges as follows:

## THE PARTIES

1. Plaintiff Linda Gould is an individual domiciled in Saratoga County, the State of New York.

2. Defendant Marconi Development Group, LLC (hereinafter "Marconi") is a Limited Liability Company organized and headquartered in Massachusetts.

3. Marconi is registered to do business with the New York Secretary of State and does business within the State of New York.

4. Upon information and belief, Marconi manages the development, building, and servicing of cellular towers for mobile and wireless carriers.

5. Upon information and belief, Defendant Yacine Nouri is an individual domiciled in Massachusetts, and is a manager and member of Marconi.

6. Upon information and belief, Defendant Reda Tadjer is an individual domiciled in Massachusetts, and is a manager and member of Marconi.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this matter under federal question jurisdiction, supplemental jurisdiction over the state law claims, and diversity between the parties.

8. Plaintiff is domiciled in New York.

9. Defendant Marconi is organized in Massachusetts and its principal place of business is in Massachusetts.

10. Upon information and belief, Mr. Nouri and Mr. Tadjer are the only members of Marconi.

11. Defendants Mr. Nouri and Mr. Tadjer are both domiciled in Massachusetts.

12. The amount in controversy exceeds $75,000.

13. The court has personal jurisdiction over Marconi, as it is registered with the Secretary of State to do business in New York, transacts business in New York, employed Plaintiff in New York, and the causes of action arise from the same.

14. The court has personal jurisdiction over Mr. Nouri and Mr. Tadjer as they both transact business within the state and employ Plaintiff within the state, and the causes of action arise from the same.

15. Venue is proper in the Northern District of New York because the Plaintiff resides in the District and the Defendants employed the Plaintiff in the District.

## FACTUAL ALLEGATIONS

16. In November 2018, Ms. Gould was hired as an Account Manager at Macroni.

17. Mr. Nouri and Mr. Tadjer were both employers of Plaintiff. They both had the power to hire and fire her, exercised operational control, directed Plaintiff, and dictated the terms and conditions of her employment.

18. Ms. Gould worked exclusively in New York with the knowledge and consent of Defendants.

19. Ms. Gould worked from her home in New York, making phone calls to cellular providers such as Sprint and Nokia. She would inform them about Marconi's services, including the construction and management of cellular towers, solicit business, negotiate the terms of agreements, finalize contracts, and serve as a contact for her customers.

20. She was given a written employment agreement, which stated that she would be given an annual salary of $72,000, paid on a bi-weekly pay schedule, or $2,769.23 per pay period.

21. The employment agreement also specified that Ms. Gould would be given a 3% commission on all gross revenue for all wireless services generated.

22. The employment agreement included a term that Ms. Gould would receive health insurance through her employer.

23. She was not paid for pay periods ending February 28, March 15, March 31, April 15, April 30, June 30, and July 15.

24. She complained to Mr. Nouri and Mr. Tadjer each time that she was not paid.

25. Mr. Nouri and Mr. Tadjer assured her that she would eventually be compensated, and urged her to continue working.

26. In order to pay for her living expenses during the times she was not paid, Plaintiff withdrew money from her retirement account. She was charged a 15% penalty for early withdrawal.

27. Ms. Gould was successful in generating business for Macroni, including over 30 sites for MiMo Upgrades and 43 sites for the 3Mhz Project.

28. This business generated over one million dollars in revenue for Macroni.

29. Ms. Gould was not paid any commissions for the gross revenue she generated for Macroni, as promised in her employment agreement.

30. She did not receive any health insurance benefit, nor did the company reimburse her for the $299 a month that she personally paid for premiums for basic insurance that she was forced to obtain on her own.

31. Ms. Gould was terminated on July 16, 2019 without being paid for the pay periods named above, or for any of her earned commissions.

32. Plaintiff has not found another job, as the employment agreement includes an overly broad and burdensome non-complete clause.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS: VIOLATIONS OF THE FAIR LABOR STANDARDS ACT ("FLSA")**

33. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

34. None of the exemptions listed in the FLSA applies to Plaintiff, as she did not engage in outside sales.

35. Ms. Gould worked from her home as a fixed site for sales made over the phone or internet, with the knowledge and consent of her employers.

36. Plaintiff was promised a salary paid every two weeks at $2,769.23 per pay period.

37. She was not paid any compensation for pay periods ending February 28, March 15, March 31, April 15, April 30, June 30, and July 15 in violation of the FLSA.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS: VIOLATIONS OF NEW YORK LABOR LAW §191(1)(c)

38. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

39. Plaintiff was promised a salary and commissions as compensation for her employment.

40. New York Labor Law §191 requires that all employees be paid the wages earned in accordance with the agreed terms of employment, but not less frequently than semi-monthly.

41. Plaintiff was not paid her salary for the pay periods ending February 28, March 15, March 31, April 15, April 30, June 30, and July 15.

42. New York Labor Law §191(1)(c) requires that salespersons employed on a commission basis be paid in accordance with the requirements of the law.

43. Commissioned salespersons shall be paid commissions in accordance with the agreed terms of employment, but not less frequently than once in each month and not later than the last day of the month following the month in which they are earned.

44. Plaintiff was not paid any of her earned commissions.

45. Under §191(1)(c), employers shall furnish the commissioned salesperson a statement of earnings paid or due and unpaid.

46. Plaintiff requested such and was not provided with any statements of earnings.

47. Under Labor Law §198(1-a), Plaintiff is entitled to the full amount of the underpayment, all reasonable attorney's fees, prejudgment interest, and, because Defendants have no good faith reason for failing to pay Plaintiff, liquidated damages equal to 100% of the total of the amount wages found to be due.

48. As a result of Defendants' conduct, Plaintiff has sustained damages in excess of the amount necessary to sustain jurisdiction.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS: VIOLATIONS OF NEW YORK LABOR LAW §191-c

49. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

50. New York Labor Law §191-c requires all employers to pay all earned commissions within five business days after the sales person is terminated, or within five business days after they become due if they are not yet due when the employee is terminated.

51. Plaintiff was not paid any commissions, either during her employment or after she was terminated.

52. Defendant willfully refused to pay the earned commissions consistent with the terms of the New York State Labor Law.

53. New York Labor Law §191-c mandates that the employer who does not make timely payment of commissions is liable for double damages, reasonable attorney's fees, court costs, and disbursements.

54. As a result of Defendants' conduct, Plaintiff has sustained damages in excess of the amount necessary to sustain jurisdiction.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS: BREACH OF CONTRACT

55. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

56. Plaintiff and Defendants entered into a contract for employment on November 19, 2018, which established compensation parameters governing her employment.

57. Plaintiff was promised an annual base salary of $72,000, and a commission of 3% on gross revenue for all new projects she generated.

58. The Defendants broke this promise and breached said contract when they failed to pay all earned salary and commissions.

59. As a result of Defendants' breach, Plaintiff suffered damages resulting from unpaid wages and commissions.

60. One of the terms of her employment agreement was that she would be entitled to participate in the company's medical plan.

61. She was not allowed to do so, and had to pay $299 out of her own pocket each month of employment for basic insurance that she was forced to obtain on her own.

62. As a result of Defendants' conduct, Plaintiff has sustained damages in excess of the amount necessary to sustain jurisdiction.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANTS: UNJUST ENRICHMENT

63. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

64. Plaintiff worked for Defendant as an Account Manager from November 2018 to July 2019 under an employment agreement, which stated that she would be compensated with a base salary of $72,000 and 3% commission on all gross revenue she generated.

65. Plaintiff successfully generated projects and Defendants were financially enriched as a result of Plaintiff's efforts.

66. Defendants refused to pay Plaintiff all salary and commissions earned by her in the performance of her duties.

67. Defendants retained this financial benefit conferred by Plaintiff in her role as an employee, and in return offered her inadequate compensation or none at all.

68. As such, Defendants were unjustly enriched in the amount of unpaid salary and commissions.

### JURY TRIAL DEMAND

69. To the extent Plaintiff is entitled to a jury trial, a jury trial is herein demanded.

**WHEREFORE** Plaintiff demand judgment against the Defendants on each cause of action in an amount to be determined at trial, but in excess of the amount necessary to sustain jurisdiction, along with injunctive relief, attorney's fees, punitive damages, costs and disbursements of this action, along with such other, further and different relief as to the Court seems just and proper.

Dated: November 19, 2019

SMITH HOKE, PLLC

By: *Meredith A. Moriarty*
Meredith A. Moriarty, Esq.
SMITH HOKE, PLLC
Attorneys for Plaintiff
16 Wade Rd.
Latham, NY 12110
(518) 489-5600 (Phone)
(518) 641-1286 (Fax)