UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LINDA GOULD,

                            **Plaintiff,**

  vs.                                                                   1:19-CV-1454
                                                                             (MAD/DJS)

MARCONI DEVELOPMENT GROUP, LLC;
YACINE NOURI; and REDA TADJER,

                            **Defendants.**
_____

**APPEARANCES:**                                   **OF COUNSEL:**

**SMITH HOKE, PLLC**                      **JOHN J. HOKE, ESQ.**
16 Wade Road                                     **MEREDITH A. MORIARTY, ESQ.**
Latham, New York 12110
Attorneys for Plaintiff

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On November 22, 2019, Plaintiff commenced this action alleging violations of the Fair Labor Standards Act ("FLSA"), the New York State Labor Law ("NYLL"), breach of contract, and unjust enrichment. *See* Dkt. No. 1. After all Defendants failed to answer or otherwise respond to the complaint, on March 13, 2020, Plaintiff submitted a request for the Clerk to enter default, which was entered that same day. *See* Dkt. Nos. 12 & 13. On April 28, 2020, the Court granted Plaintiff's motions for default judgment as to liability, but ordered Plaintiff to submit additional evidence as to her claimed damages. *See* Dkt. No. 17. Plaintiff has submitted supplemental briefing on the issue of damages, which is presently before the Court. *See* Dkt. Nos. 18-20.

The Court presumes the parties' familiarity with this case and refers them to its April 28, 2020 Memorandum-Decision and Order for a detailed recitation of the underlying facts. *See* Dkt. No. 17 at 1-4.

## II. DISCUSSION

In its previous decision, the Court found that Plaintiff is entitled to an entry of judgment in her favor for her claim pursuant to New York Labor Law Section 191 ("Section 191") and her breach of contract claim.[1] *See* Dkt. No. 20 at 17-18.

While the allegations of a complaint pertaining to liability are deemed admitted upon entry of default, allegations relating to damages are not. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). Rather, a court must ensure that there is an adequate basis for the damages sought by a plaintiff before entering judgment in the amount demanded. *See Santillan v. Henao*, 822 F. Supp. 2d 284, 290 (E.D.N.Y. 2011). A court may make this determination based upon evidence presented at a hearing, but a hearing is not required. *See* Fed. R. Civ. P. 55(b)(2); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991); *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). No hearing is necessary, for example, where, based "upon a review of detailed affidavits and documentary evidence," the court is assured that there is an adequate basis for the damages sought. *Continental Casualty Co. v. Contest Promotions NY, LLC*, No. 15-CV-501, 2016 WL 1255726, *6 (E.D.N.Y. Mar. 28, 2016) (citation omitted); *see also McLean v. Wayside Outreach Dev. Inc.*, 624 Fed. Appx. 44, 45 (2d Cir. 2015) (observing that the district court did not abuse its discretion by failing

---

[1] The damages sought by Plaintiff are the same for both her Section 191 claim and her breach of contract claim. *See* Dkt. No. 15-1 at ¶¶ 38-58, 55-62. Damages for her breach of contract claim would be duplicative. Accordingly, the Court will analyze Plaintiff's entitlement to damages pursuant to the New York Labor Law, which would provide her with the greatest relief.

to hold a hearing to determine damages where the court relied on "a single affidavit only partially based upon real numbers").

      Section 198 of the NYLL provides as follows:

> In any action instituted in the courts upon a wage claim by an employee . . . in which the employee prevails, the court shall allow such employee to recover the full amount of underpayment, all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and, unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due[.]

N.Y. Lab. Law § 198(1-a).  The term "wages" is defined as "earnings of an employee for labor services rendered regardless of whether the amount of earnings is determined on a time, piece, commission or other basis."  N.Y. Lab. Law § 190(1).  Included in an individual's wages are "benefits or wage supplements."  *See id*.  "[T]he term 'benefits or wage supplements' includes but is not limited to reimbursement for expenses; health, welfare, and retirement benefits; and vacation, separation or holiday pay."  N.Y. Lab. Law § 198-c(2).

      Here, Plaintiff seeks a total of $100,159.92 for damages, attorneys fees, and court costs.  *See* Dkt. No. 19 at 3.  Plaintiff attests that her unpaid earnings amount to $47,121.62.  *See* Dkt. No. 18 at ¶ 16.  Plaintiff's unpaid earnings calculation is based on the combination of her unpaid bi-weekly paychecks for seven pay periods, the commissions that she should have received for work completed, and costs incurred due to Defendant's failure to pay health insurance premiums.  *See id.* at ¶¶ 6, 10, 11-16.  Based upon a review of the detailed affidavits provided, the Court finds that there is an adequate basis for the damages sought.  *See Continental Casualty Co.*, 2016 WL 1255726, at *6.  Additionally, the Court notes that Defendant has not produced any evidence of a good faith basis for the underpayment of wages.  Accordingly, pursuant to the mandatory

3

liquidated damages provision of Section 198, the Court finds that Plaintiff is entitled to liquidated damages in the amount of $47,121.62. Therefore, Plaintiff is entitled to $94,243.24 in damages for unpaid wages.

Plaintiff also seeks prejudgment interest in the amount of $3,346.28. *See* Dkt. No. 19 at ¶ 12. Plaintiffs prevailing on NYLL claims are also entitled to prejudgment interest on all damages, excluding liquidated damages. *See* N.Y. Lab. Law § 198(1-a). "For judgments based on New York law, a plaintiff is entitled to prejudgment interest at the rate of 9% pursuant to N.Y.C.P.L.R. §§ 5001, 5004." *Blue v. Finest Guard Servs.*, No. 09-CV-133, 2010 WL 2927398, *12 (E.D.N.Y. June 24, 2010). Where damages were incurred at various times, the court has discretion to choose a reasonable accrual date. *See id.*

Here, Plaintiff calculated this interest from the $47,121.62 in unpaid compensation, with a nine percent interest rate from the time of Plaintiff's termination to the time of the entry of default judgment. Plaintiff's proposed start date for her interest calculation is after she had incurred damages through Defendant's non-payment. *See* Dkt. No 18 at ¶¶ 6-9. The end date is April 28, 2020, when the Court granted Plaintiff's motion for default judgment as to liability on two of her claims. *See id.*; *see also* Dkt. No. 17. The Court finds Plaintiff's proposed dates for the prejudgment interest calculation reasonable. Accordingly, the period of prejudgment interest ran from July 16, 2019, until April 28, 2020. Prior to the computation of interest, the subtotal of unpaid wages was $47,121.62. At a rate of nine percent in simple interest per annum for the period of July 16, 2019 to April 28, 2020, Defendants owe Plaintiff $3,346.28 in interest.

Plaintiffs prevailing on a NYLL claim are entitled to an award of reasonable attorney's fees. *See* N.Y. Lab. Law § 198(1-a). District courts are afforded "considerable discretion in determining what constitutes reasonable attorney's fees in a given case[.]" *Matusick v. Eric*

*County Water Auth.*, 757 F.3d 31, 64 (2d Cir. 2014).  "Both [the Second Circuit] and the Supreme Court have held that the lodestar — the product of a reasonable hourly rate and the reasonable number of hours required by the case — creates a 'presumptively reasonable fee.'"  *Millea v. Metro-North R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quotation omitted).  "Relevant factors include the attorney's experience in the field, what similar attorneys in the district charge, and what other clients pay for similar services."  *Gabal v. Scoutsee Inc.*, No. 18-CV-2236, 2019 WL 6220546, *5 (S.D.N.Y. Oct. 25, 2019) (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 191 (2d Cir. 2008)).  "Applications for fee awards must be documented by time records which specify the date, time expended, hourly rate, and description of the work done by each attorney."  *Moore v. Houlihan's Rest., Inc.,* No. 07-CV-03129, 2011 WL 2470023, *7 (E.D.N.Y. May 10, 2011) (citing *Hensley v. Echkerhart*, 461 U.S. 424, 433 (1983)) (other citation omitted).

Here, Plaintiff seeks $1,288.60 in legal fees.  *See* Dkt. No. 19 at ¶ 5.  Plaintiff was represented by John J. Hoke and Meredith A. Moriarty, partners at a local law firm.  *See id.* at ¶¶ 7-8.  Attorney Hoke charged a rate of $325.00 per hour and spent approximately one-and-a-half hours working on the case.  *See id.* at ¶¶ 5-6.  Attorney Moriarty charged a rate of $300 per hour and 9.3 hours working on the case.  *See id.*

Upon review of the record, the Court finds counsels' submissions to be well-prepared.  The submissions demonstrate a familiarity with the facts and relevant law and indicate notable effort.  It is also clear that counsel's efforts were successful on behalf of Plaintiff.  *See* Dkt. No. 17.  Additionally, there is no doubt that this case was handled efficiently, at least in part, because of counsels' experience.  The Court notes that this award is not incongruous with those regularly approved in this District.  *See Broad. Music, Inc. v. Rider Rock's Holding, LLC*, No.

1:16-CV-1398, 2017 WL 2992498, *3 (N.D.N.Y. July 14, 2017) (noting that hourly rates for partners in this District routinely range from $250 to $345) (citations omitted); *see also Parish v. Kosinski*, No. 5:17-CV-344, 2018 WL 1475222, *5 (N.D.N.Y. Feb. 5, 2018) (collecting cases). Accordingly, the Court finds Plaintiff's proposed attorney's fees reasonable.

Finally, Plaintiff seeks $1,281.80 in costs, which includes $400.00 for the filing fee and $881.80 for service of process. *See* Dkt. No. 19 at ¶ 10. In support of this request, Plaintiff relies on the affidavit of the exhibit attached to the affidavit of Meredith Moriarty. In this exhibit, however, the only listed costs associated with service of process are as follows: $205.00 for service on Reda Tadjer and Marconi Development Group, LLC; $300.00 for service on Yacine Nouri, Reda Tadjer and Marconi Development Group, LLC; and $80.80 for service on Marconi Development Group, LLC. *See id.* at 5. As such, the Court finds that Plaintiff is entitled to costs of $400.00 for the filing fee and $585.80 for service of process.

### III. CONCLUSION

After carefully reviewing the entire record in this matter, Plaintiff's submissions and the applicable law, and for the reasons set forth herein, the Court hereby

**ORDERS** that Plaintiff's motions for default judgment (Dkt. Nos. 14 & 15) are **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Plaintiff's favor against Defendants in the amount of $99,863.92;[2] and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

---

[2] Plaintiff's total award of $99,863.92 is comprised of the following amounts: $94,243.24 in damages; $3,346.28 in prejudgment interest; $1,288.60 in attorney's fees; and $985.80 in costs.

**IT IS SO ORDERED.**

Dated: May 12, 2020
      Albany, New York

Mae A. D'Agostino
U.S. District Judge